**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **KRISHNA PATEL and VIJAY PATEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **7:19-CV-188-WLS** |
| **SYED AKBRUDIN,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**ERIC KING, DOUG BURCOMBE, SANTA BARBARA TAX PRODUCTS
GROUP, LLC AND GREEN DOT CORPORATION'S RESPONSE TO PLAINTIFFS'
RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT**

Eric King ("King"), Doug Burcombe ("Burcombe"), Santa Barbara Tax Products Group,

LLC ("SBTPG"), and Green Dot Corporation (collectively, "Defendants") file this Response in

Opposition to Plaintiffs' Motion to Alter or Amend the Judgment (the "Motion") (Doc. 218),[1]

stating as follows:

On October 8, 2020, this Court dismissed this case with prejudice after Plaintiffs, despite

numerous warnings from the Court, repeatedly failed to file a properly pleaded complaint. (*See*

Doc. 211.) Plaintiffs now ask the Court to alter or amend its prior judgment pursuant to Fed. R.

Civ. P. 59(e)[2] so that Plaintiffs may file yet another amended complaint. (*See* Doc. 218, ¶¶ 11, 13.)

Plaintiffs, however, fail to demonstrate that they are entitled to relief under Rule 59(e) or that such

---

[1] Plaintiffs filed Motions to Alter or Amend the Judgment which appear to be identical, (Doc. 217, Doc. 218). They are referred to herein collectively as the "Motion" and Defendants respond to both Motions together herein.

[2] Because Plaintiffs' Motion was filed more than fourteen days after the issuance of the Court's judgment, Plaintiffs are precluded from filing any motion to reconsider other than a Rule 59(e) motion. *See* L.R. 7.6.

relief is in the interest of justice. In fact, they cannot do so. Plaintiffs' Motion should, therefore, be denied.

### A.   Plaintiffs Cannot Identify a Clear Error or New Evidence Warranting Reconsideration.

"A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is 'an extraordinary remedy, to be employed sparingly.'" *Hill v. Green*, No. 2:19-cv-29, 2020 WL 2517327, at *2 (S.D. Ga. May 15, 2020) (quoting *Smith ex rel. Smith v. Augusta-Richmond Cnty.*, No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012)). Newly discovered evidence or manifest errors of law or fact are the only grounds for granting a Rule 59 motion. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). The Court dismissed Plaintiffs' federal claims with prejudice for failure to state a claim after giving Plaintiffs multiple attempts to amend their Complaint. Now, Plaintiffs request to have the dismissal altered or amended to be without prejudice so that Plaintiffs can file yet another amended complaint. Plaintiffs contend "the Court's decision was based on a clear error of fact and newly discovered evidence." (Doc. 218, ¶ 2.)

"For a party to successfully challenge an order on the basis of a 'clear error,' the party would be required to make 'a showing of 'clear and obvious error' where the 'interests of justice' demand correction.'" *Robertson v. Interactive College of Tech./Interactive Learning Sys., Inc.*, No. 1:14-CV-2728-MHC-JSA, 2016 WL 10520962, at * 4 (N.D. Ga. July 13, 2016) (citations omitted). Plaintiffs, however, cannot identify even one error of fact or law in their motion. (*See generally* Doc. 218.)  Indeed, Plaintiffs make no attempt to point to any error in the Court's reasoning or its reliance on the case law cited in its Order.  Plaintiffs thus fail to demonstrate that the Court should alter or amend its judgment and allow Plaintiffs yet another opportunity to plead their claims. Plaintiffs' Motion is, therefore, due to be denied.

Alternatively, Plaintiffs request the Court to alter or amend its judgment due to newly discovered evidence. (Doc. 218, ¶ 2.)  As an initial matter, this action was not dismissed due to insufficient evidence, but due to Plaintiffs' repeated inadequate pleadings. Therefore, this basis for relief is inapplicable. Moreover, Plaintiffs admit they have no new evidence to present. "To succeed on a Rule 59(e) motion claiming newly discovered evidence, 'the movant must show either that the evidence *is* newly discovered or, if the evidence was available at the time of the decision being challenged, that [the movant] made a diligent yet unsuccessful effort to discover the evidence.'" *Hesed-El v. McCord*, No. CV 117-146, 2019 WL 5092476, at *2 (S.D. Ga. Oct. 10, 2019) (emphasis added) (quoting *Chery v. Bowman*, 901 F.2d 1053, 1057 n.6 (11th Cir. 1990)).

Plaintiffs do not identify any newly discovered evidence. In fact, Plaintiffs admit they do not have any new evidence, but instead hope to obtain new evidence through an adversary proceeding they recently filed in the United States Bankruptcy Court in the Middle District of Tennessee.[3] (*See id.* ¶¶ 9, 13; *see also* Doc. 206.)  As such, Plaintiffs' promise of new evidence is entirely speculative. Plaintiffs, therefore, have failed to identify any new evidence justifying an alteration or amendment of the Court's dismissal of their case.  Rule 59 does not permit reconsideration in order to allow Plaintiffs more time to try to obtain evidence to support their claims that they filed a year ago. Accordingly, Plaintiffs' Motion is due to be denied.

## B.     The Court did not Err in Dismissing Plaintiffs' Complaint with Prejudice.

Moreover, the Court did not err in dismissing Plaintiffs' Complaint with prejudice. Prior to dismissal, the Court gave Plaintiffs multiple opportunities to properly plead their case. Before Plaintiffs filed their last amended complaint, the Court identified the numerous pleading

---

[3] *See* Case No. 3:20-ap-90139 (Bankr. M.D. Tenn.) (Adversary Complaint filed Sept. 9, 2020).

deficiencies of Plaintiffs' prior complaints and specifically explained how those deficiencies should be corrected. (*See generally* Doc. 163.) The Court warned Plaintiffs "**this will be the only time the Court will grant Plaintiffs leave to replead to avoid shotgun pleading**. If Plaintiffs' renewed pleading is another shotgun pleading, the Court will dismiss the case with prejudice." (Doc. 163, at 10.) Despite the warning, Plaintiffs filed an amended complaint that failed to correct the pleading deficiencies identified by the Court. (*See generally* Doc. 211.) The Court, therefore, dismissed Plaintiffs' Second Amended Complaint with prejudice. (*See id.*)

While *pro se* litigants are generally afforded some degree of leniency, *pro se* litigants are "required . . . to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Here, Plaintiffs were given ample notice of the deficiencies of their pleadings, have acknowledged the deficiencies of their pleadings, and have been given multiple chances to properly plead their claims. Nonetheless, Plaintiffs continued to fail to file a properly drafted complaint. The Court, therefore, did not err when it dismissed Plaintiffs' claims with prejudice. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018); *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (a plaintiff need only be given "one chance" to amend the complaint before a dismissal with prejudice); *accord Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Additionally, Defendants have expended considerable time and resources sifting through Plaintiffs' prior unwieldy complaints in order to properly respond, and have expended significant resources preparing multiple dispositive motions in response to each of Plaintiffs' attempts to plead their claims.  (*See* Doc. 69, Doc. 144, Doc. 177.)  Giving Plaintiffs yet another bite at the apple at this juncture, particularly when Plaintiffs have failed to demonstrate the existence of new evidence or a clear error of law or fact, would cause undue prejudice to Defendants.  As Plaintiffs

acknowledge, they have already filed a new lawsuit against Defendants based on the exact same conduct at issue here, which Defendants are now faced with defending. Having already litigated these claims once, the interests of justice require that Defendants be granted the repose and protection from endless litigation afforded by a dismissal with prejudice.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion to Alter or Amend the Judgment.

Respectfully submitted,

*/s/ Rachel R. Friedman*
Rachel R. Friedman
GA Bar No. 456493

*Counsel for Defendants*
*Eric King, Doug Burcombe, Santa Barbara*
*Tax Products Group, LLC, & Green Dot*
*Corporation*

OF COUNSEL:
Burr & Forman LLP
420 20th Street North
Suite 3400
Birmingham, AL 35203
Telephone: (205) 458-5267
Facsimile: (205) 458-5100
rfriedman@burr.com

## CERTIFICATE OF SERVICE

On November 19, 2020, I uploaded the foregoing document to the CM/ECF system, which will automatically send email notification of such filing to the following:

Ashley Brooke Tipton
Steven E. Anderson
120 30th Ave. N.
Nashville, TN 37203
atipton@andersonreynolds.com
sanderson@andersonreynolds.com

Charles Herrick Morgan
Henry Thomas Shaw
Jason Robert Rottner
Alston & Bird
1201 West Peachtree Street
One Atlantic Center
Atlanta, GA 30309-3424
404-881-7000
charlie.morgan@alston.com
tom.shaw@alston.com
jason.rottner@alston.com

John A Lockett, III
1397 Carroll Dr
Atlanta, GA 30318
john@lockettlawfirm.com

Amanda McDowell
701 Fifth Ave.
Ste 5600
Seattle, WA 98104
amcdowell@orrick.com

BLAKE H JOINER
HAWKINS PARNELL &
YOUNG LLP
303 PEACHTREE ST
SUITE 4000
ATLANTA, GA 30308-3243
404-614-7400
Fax: 404-614-7500
bjoiner@hpylaw.com

Thomas C. Fenton
401 South Fourth Street
Suite 1200
Louisville, KY 40202
jtm@mpmfirm.com
tcf@mpmfirm.com

Thomas Ryan Mock , Jr.
303 PEACHTREE ST
STE 4000
ATLANTA, GA 30308
404-614-7400
Fax: 404-614-7500
Email: rmock@hpylaw.com

Sun S. Choy
100 Galleria Pkwy Ste 1600
Atlanta, GA 30339
schoy@fmglaw.com

*/s/ Rachel R. Friedman*
Rachel R. Friedman

I hereby certify that I served the foregoing document via U.S. First Class Mail, postage prepaid, on November 19, 2020 to the following:

| | | |
|---|---|---|
| KRISHNA PATEL<br>189 DOGWOOD DR<br>ADEL, GA 31620 | CONSTANCE<br>RHEINSCHELD<br>1831 MEMORIAL BLVD<br>MURFREESBORO, TN<br>37129 | RITA BURRELL<br>1831 MEMORIAL BLVD<br>MURFREESBORO, TN<br>37129 |
| VIJAY PATEL<br>189 DOGWOOD DR<br>ADEL, GA 31620 | DOUG HUGHES<br>1831 MEMORIAL BLVD<br>MURFREESBORO, TN<br>31729 | |

*/s/ Rachel R. Friedman*
Rachel R. Friedman